UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____X

| | |
|---|---|
| OMAR GILCREST | ) |
| | ) **"E C F CASE"** |
| **Plaintiff,** | ) |
| | ) |
| | ) **COMPLAINT** |
| V. | ) |
| | ) **JURY TRIAL** |
| CITY OF YONKERS, CITY OF YONKERS POLICE DEPATMENT, ) | Demanded. |
| POLICE OFFICERS, JOHN DOE NO. 1, Badge No. 708, IN HIS ) | |
| INDIVIDUAL AND OFFICIAL CAPACITY, JOHN DOES 2-6, ) | Civil Action |
| IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY AS POLICE ) | 07 CV 3117 (JSR) |
| OFFICERS OF THE CITY OF YONKERS, NEW YORK. ) | |
| | |
| **Defendants,** | |

_____X

  Plaintiff, by his attorney, **WELTON K. WISHAM**, Esq., of **THE LAW OFFICES OF WELTON K. WISHAM**, respectfully alleges as follows upon information and belief as his Complaint:

### JURISDICTIONAL STATEMENTS

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, under 42 U.S.C. Sections 1983 , 1985 (3) , 42 U.S.C.A. Section 1981,and under 28 U.S.C. Section 1367. This action arises under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York and under the common law of the State of New York and under New York McKinney's Executive Law Section 296 subdivision 2(a).  Plaintiff requests that this Court exercise Pendent jurisdiction over those State law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

1

## PRELIMINARY STATEMENT AND SUMMARY

2.  This is an action seeking to redress the derivations by the defendants of his rights secured to the plaintiff by the Constitution of the United States and laws of the State of New York.

3.  On April 19, 2006, Plaintiff was arrested, charged, detained and held against his will by the Yonkers Police Department for resisting arrest and disorderly conduct. These charges are totally false and without legal justification. On April 19, 2006, at approximately 5:30 pm, plaintiff was standing at the intersection of Locus Avenue and Palisade Avenue located in Yonkers New York, where he observed a car accident and a subsequent police chase in an area commonly referred to as "Getty Square". Plaintiff was lawfully standing on the street observing several police officers that had gathered at the scene. Plaintiff observed several Yonkers police officers beat the driver of one of the vehicles that was involved in the car accident. Mr. Gilcrest was concerned about what he considered an excessive amount of forced used against the driver and told the police "Why are you treating him like that? There is no reason for that"! The defendant officers responded by moving towards the plaintiff and began to push him as the plaintiff was attempting to leave the scene of the incident. Police officer with badge number 708 began to attack the plaintiff by punching the plaintiff in his face without reason or legal justification. Plaintiff made an attempt to call 911 regarding the police brutality by the Yonkers Police Department. Plaintiff was immediately surrounded by five white Police officers who took out their nightsticks and began to approach the plaintiff in a threatening manner. Plaintiff was made to fear for his life, safety and his well being. Plaintiff was slammed against the police vehicle, handcuffed and placed under arrest. He was held in custody by the Yonkers Police Department for approximately eight (8) hours. Mr. Gilcrest was not involved in any illegal activities which lead to his arrest.

4.   The defendant's officers are police officers of the Yonkers Police Department who illegally searched, seized, falsely detained, harassed, threaten, embarrassed, conspired against and held Plaintiff against his will and without his consent for several hours, without probable cause or legal justification.

5.  Plaintiff alleges that the City of Yonkers,  New York is liable for the wrongful acts committed against the plaintiff by the defendant police officers because the City of Yonkers has tolerated and permitted a pattern of illegal stops, assaults, arrests and detainments on minority persons and has failed to maintain a proper system for reviewing these activities by police officers with the result that police officers of the City of Yonkers are encouraged to believe that they can violate the Constitution rights of African Americans and other minorities with impunity.

6.   Plaintiff, Omar Gilcrest, is a 24 year old Citizen of the United States of America residing in the State of New York, County of Westchester.

7.  The Plaintiff was charged with  resisting arrest and disorderly conduct.  These charges are without merit and were filed to cover up the illegal conduct by the Yonkers Police Department.

## VENUE

11.  Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the events giving rise to the plaintiffs' claims occurred in that District.

## PARTIES

8.  At all times hereinafter mentioned in this complaint, Plaintiff, Omar Gilcrest is a Twenty Four (24) year old African American citizen of the United States of America residing at 20-24 ½ North Broadway, Apt 4-A,  Yonkers, New York, 10701.

9.  Defendant Police Officers upon information and belief and at all times material hereto are members of the City of Yonkers Police Department in Westchester County.

10. Defendants Police Officers, John Does 1-6, were at all times relevant, duly appointed and acting employees of the City of Yonkers Police Department working as uniformed police officers.

11. The Defendant, City of Yonkers, New York, is a municipal corporation within the State of New York. The City of Yonkers has established and maintains the City of Yonkers Police Department as a constituent department or agency.

12. At all times relevant hereto, the City of Yonkers employed the defendant Police Officers involved in this incident.

13. The defendant police officers involved in the incident underlying this lawsuit were at all times relevant, agents, servants and employees acting within the scope of their employment by Defendant City of Yonkers.

**FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH, SEIZURE AND EXCESSIVE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

That Plaintiff repeats, reiterates and realleges each and every allegations contained in Paragraphs 1 through 13, with the same force and effect as though more fully set forth at length herein.

14. On April 19, 2006, at approximately 5:30 pm, plaintiff was assaulted, battered and placed in custody, arrested, detained, searched and seized by the defendant police officers against plaintiff's will and without his consent and without legal justification.

15. At the time of the arrest, plaintiff was lawfully standing on a public street and was not engaged in any form of criminal activity.

16. Upon information and belief the aforesaid mentioned City of Yonkers Police Officers threatened the plaintiff with the unauthorized use of force by pulling out their nightsticks and walking directly towards the plaintiff in a threatening manner.

17. Plaintiff was searched, seized, arrested, prosecuted and forcibly place in a Police vehicle by the Defendants Police Officers John Does 1-6.

18. Plaintiff was then transported to a Police Precinct in the City of Yonkers where he was falsely charged by the defendants for resisting arrest and disorderly conduct.

19. As a further result of the above described acts by the individual defendants, plaintiff was deprived of his rights and immunities secured to him under the Constitution and laws of the United States and the State of New York including but not limited to his rights under the First, Fourth, Fourth, Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States including the right to be free and secure in their persons and to free from arrest or search without probable cause or pursuant to a warrant and to be free from unreasonable conditions of confinement and free from excessive and unreasonable use of force.

20. Plaintiff alleges that the City of Yonkers, New York through the City of Yonkers Police Department, violated his Equal Protection Rights by treating him differently as an African American than those Caucasian or white suspects and detainees similarly situated based solely on account of the plaintiff's race with the intent to injure the plaintiff. Plaintiff claims that there was no rational basis to threaten and to treat him differently than any other non black citizen of the United States.

## SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

21. That Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 20, with the same force and effect as though more fully set forth at length herein.

22. By reason of the foregoing, the Plaintiff was intentionally confined without privilege or probable cause to believe that a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and detained by defendants police officers John Does 1-6., and the Yonkers Police Department and the City of Yonkers.

23. The Plaintiff was grabbed, handcuffed and hit in the face by the arresting officers causing physical injuries to the Plaintiff.

24. The force used in arresting the Plaintiff was unreasonable and unnecessary.

25. As a consequence thereof, Omar Gilcrest has been irreparably injured. This action is brought pursuant to 42. U.C.S.1983 which holds that the defendants' action caused the deprivation of the plaintiff's liberty under the Constitution of the United States.

## THIRD CLAIM FOR RELIEF FOR NEGLIGENCE

26. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 25 with the same force and effect as though more fully set forth at length herein.

27. That at all time hereinafter mentioned the police officers involved in the incident complained of herein were negligently hired, trained, supervised, or retained or disciplined by the City of Yonkers, New York.

28. That the acts complained of herein resulted from the defendant City of Yonkers through its agents, servants and employees, breaching its duty to properly assign, train supervise or discipline its laws enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully arrested, detained, assaulted, battered, abused and humiliated the plaintiff and forced the plaintiff to defend against unwarranted criminal charges. This action is brought pursuant to 42 U.S.C.A. Section 1983.

29. The defendant City of Yonkers failure to properly assign, train, supervise or discipline its police offices including the police officers involved in this incident herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests and detentions allowed the defendants to believe that they could with impunity arrest, assault, batter, and prosecute the Plaintiff.

30. By reason of the foregoing, the individual defendants individually and through defendant's agents, servants and employees failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employee would have used under similar circumstances thus resulting in physical and emotional injuries to the plaintiff.

31. As a consequence thereof, the Plaintiff, Omar Gilcrest has been injured.

32. Because of the acts alleged herein, the failure of the City of Yonkers, New York to discipline the defendant police officers within their employ and the continued employment of the defendants, presents a clear and present danger to the citizens of the City of Yonkers, State of New York, that their Constitutional Rights are being ignored and or that based on the color of their skin that the Yonkers Police Department discriminates against African Americans based on the color of their skin.

## FIFTH CLAIM FOR RELIEF FOR FALSE ARREST

33. That Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1 through '32" with the same force and effect as though more fully set forth at length herein.

34. By reason of the foregoing, the Plaintiff was intentionally confined by the defendants for a period of eight hours in a facility under the custody and control of the City of Yonkers, New York, without reasonable cause, probable cause, or legal justification.

35. Plaintiff's detention was without privilege to cause the confinement.

36. Plaintiff did not consent to his detention and was conscious at all times of his confinement.

37. As a consequence thereof, Plaintiff, Omar Gilcrest was substantially harmed and injured.

38. This action is being brought pursuant to 42. U.S.C. Section 1983 based on the Fourth Amendment right to be free from unreasonable seizures including arrest without probable cause and the excessive use of force.

## FOR A SIXTH CLAIM FOR RELIEF FOR ASSAULT

39. The Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "38" with the same force and effect as though more fully set forth at Length herein.

40. By the actions described above, the Plaintiff was intentionally placed in apprehension of fear And imminent harmful and offensive contact by defendant police officers John Does 1-6.

41. As a consequence thereof, Plaintiff Omar Gilcrest has been injured.

## FOR A SEVENTH CLAIM OF RELIEF FOR BATTERY.

42.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs

   "1" through "41" with the same force and effect as though more fully set forth at length

   Herein.

43.  By the actions described above, the Plaintiff was intentionally touched in a harmful and

   Offensive manner without legal justification or probable cause.

44.  As a consequence thereof, Plaintiff, Omar Gilcrest has been injured.

## FOR AN EIGHTH CLAIM OF RELIEF FOR INTENTIONL INFLICTION OF EMOTIONAL DISTRESS.

45.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs

   1-44, with the same force and effect as though more fully set forth at length herein.

46.  That the defendants police officers, John Does 1-6 did engage in outrageous conduct which

   Was intended to inflict emotional trauma on the plaintiff by filing false charges against the

   Plaintiff and denying him of his civil rights based solely on his race.

47.  That by reasons of the foregoing, plaintiff has been caused to be injured by the direct actions

   Of the defendants.

## REQUEST FOR RELIEF

**WHEREFORE,** plaintiff respectfully demands the following judgment be entered as follows:

(A)    Declaratory relief as follows;

    1.    A declaration that plaintiff's right to be free from unreasonable searches, seizures and excessive and unreasonable force under the United States Constitution was violated.

    2.    A declaration the plaintiff's right to full and equal benefit of laws and proceedings for the security of persons and property under the Fourteenth Amendment to the United States Constitution was violated.

(B)    Compensatory damages in an amount to be fixed at trial.

(C)    By reason of the wanton, willful and malicious character of the conduct by defendant police officers complained of herein, punitive damages in an amount to be fixed at trial.

(D)    An award to plaintiff of the costs and disbursements herein.

(E)    An award of attorney fees under 42 U.S.C.Sections 1988.

(F)    Such other and further relief as this Court may deem just and proper.

Dated; April 18, 2007

    New York, New York

                               _____

                               By: Welton K. Wisham, Esq. WW 8674
                               The Law Offices of Welton K. Wisham
                               305 Broadway 9th Floor
                               New York, New York 10007
                               212-822-1496
                               Attorney for the Plaintiff